UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>   Plaintiff,<br><br>  v.<br><br>THERESA C., et al.,<br><br>   Defendants. | Case No. 1:21-cv-01664-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF BE REQUIRED TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION |

  Plaintiff Marvin Harris is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

  Plaintiff filed the instant action on November 17, 2021.

**I.**

**DISCUSSION**

  The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event

shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial notice of the following United States District Court cases: (1) Ripple v. Gomez, Case No. 1:96-cv-05284-REC-SMS (E.D. Cal.) (dismissed on April 29, 1996 as frivolous); (2) Harris v. Rehnquist, Case No. 1:96-cv-01304-UNA (D.D.C.) (dismissed on June 11, 1996 for failure to state a claim); (3) Harris v. Higgins, Case No. 1:96-cv-01420-UNA (D.D.C.) (dismissed on June 19, 1996 for failure to state a claim); (4) Harris v. Hickey, Case No. 1:96-cv-05770-GEB-HGB (E.D. Cal.) (dismissed on April 7, 1997 as frivolous); (5) Harris v. Hickey, Case No. 1:97-cv-05186-REC-HBG (E.D. Cal.) (dismissed on July 28, 1997 as frivolous); (6) Harris v. Coyle, Case No. 1:97-cv-05508-AWI-DLB (E.D. Cal.) (dismissed on January 21, 1999 as frivolous, as malicious, and for failure to state a claim); (7) Harris v. Glass, Case No. 2:00-cv-00937-DFL-DAD (E.D. Cal.) (dismissed on August 17, 2000 for failure to state a claim); (8) Harris v. Edmonds, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.) (dismissed on November 27, 2000 for failure to state a claim); (9) Harris v. Pliler, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.) (dismissed on March 15, 2002 for failure to state a claim); (10) Harris v. Edmonds, Case No. 1:00-cv-07160-REC-SMS (E.D. Cal.) (dismissed on May 24, 2002 for failure to state a claim); (11) Harris v. Virga, Case No. 2:13-cv-00932-GEB-AC (E.D. Cal.) (dismissed on July 8, 2013 as frivolous); (12) Harris v. Harris, Case No. 2:14-cv-00977-KJM-KJN (E.D. Cal.) (dismissed on July 31, 2014 as frivolous and for failure to state a claim); and (13) Harris v. Campell, Case No. 1:18-cv-01659-DAD-JLT (E.D. Cal.) (dismissed on April 30, 2020 for failure to state a claim and failure to obey a court order).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on November 17, 2021.  Andrews, 493 F.3d at

1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  Although Plaintiff's complaint is somewhat difficult to decipher, it appears that Plaintiff's allegations accommodations under the Americans with Disabilities Act, denial of canteen privileges, and denial of equal protection.  (ECF No. 1.)  Plaintiff contends that prison officials discriminated against him by denying him canteen privileges.  There are no allegations that demonstrate an imminent danger of serious physical injury at the time of filing, and Plaintiff is precluded from proceeding in forma pauperis in this action.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

1  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)
2  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4  IT IS SO ORDERED.

5  Dated:   **November 29, 2021**

6                                          UNITED STATES MAGISTRATE JUDGE